USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

TRUSTEES OF THE MASON TENDERS, : 04 Civ. 5262 (RJH)
DISTRICT COUNCIL WELFARE FUND, :
PENSION FUND, ANNUITY FUND and :
TRAINING PROGRAM FUND; and THE :
MASON TENDERS DISTRICT COUNCIL OF :
GREATER NEW YORK, by its Business :
Manager Anthony Silveri, :
 :
                     Plaintiffs, :
 : **MEMORANDUM**
     - against - : **OPINION AND ORDER**
 :
THOMAS FAULKNER d/b/a/ AMERICAN :
DEMOLITION and THOMAS FAULKNER, :
 :
                     Defendants. :
 :
------------------------------------------------------------x

The trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (the "Trustees") and the Mason Tenders District Council of Greater New York (the "Union", by its Business Manager Anthony Silveri) (collectively the "plaintiffs") bring suit against Thomas Faulkner d/b/a American Demolition and Thomas Faulkner ("Faulkner") individually (collectively the "defendants") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (2006), and the Labor-Management Relations Act of 1947 (the "Taft-Hartley Act"), 29 U.S.C. § 185 (2006), for injunctive and other equitable relief and for breach of contract. Plaintiffs allege that defendants failed to permit an audit of American Demolition's books and records, and that defendants failed to make contributions to the plaintiffs as required by a collective bargaining agreement and ERISA.

The defendants failed to respond to the complaint and the Court granted default judgment against them, referring the case to Magistrate Judge Kevin Nathaniel Fox to conduct an inquest as to damages. On December 13, 2006, Judge Fox issued a Report and Recommendation (the "Report") recommending that: (a) defendants be directed to cooperate in and, within 30 days of the entry of judgment, permit the conduct of an audit of their books and records for the period December 6, 1999 to the present; (b) plaintiffs be awarded costs in the amount of $373.54; (c) plaintiffs' request for actual damages, prejudgment interest, liquidated damages and permanent injunctive relief be denied; (d) plaintiffs be awarded attorneys' fees in the amount of $4,626.25; and (e) Faulkner not be held personally liable for violations of the collective bargaining agreement and ERISA. Defendants filed no objections to the Report. Plaintiffs filed objections to the portions of the Report finding that Faulkner should not be personally liable and awarding attorneys' fees in an amount less than their initial request. The Court has reviewed these issues de novo. For the reasons that follow, the Court modifies the Report in relation to the award of attorneys' fees and rejects the Report in relation to Faulkner's personal liability.

## BACKGROUND

The plaintiff Trustees are the trustees of jointly-administered, multi-employer, labor-management trust funds. The purpose of the funds, the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (the "Funds"), is to provide fringe benefits, such as retirement and medical benefits, to eligible employees on whose behalf employers contribute to the fund pursuant to collective bargaining agreements between employers and the Union. Pursuant to the collective bargaining agreement by defendants to which the Funds are third-party beneficiaries (the "Agreement"), the defendants agreed, inter alia, to: (1) make monetary contributions to the Funds; (2) submit contribution reports to the

Funds; (3) pay interest on any delinquent contributions to the Funds and pay all costs and attorneys' fees incurred by the Funds in the recovery thereof; (4) deduct from wages and remit to the Union dues checkoffs and PAC contributions for employees who authorize such deductions in writing; (5) permit and cooperate in audits; (6) pay the costs of audits if they are found to be substantially delinquent in the payment of fringe benefit contributions; and (7) pay a $400 penalty for failing to permit any audits and also pay reasonable costs and attorneys' fees in bringing an action to compel any audits.

The plaintiffs brought this action after they were unable to verify the defendants' contributions to the Funds as of December 6, 1999. Plaintiffs claim that defendants' failure to make the required contributions under the Agreement, to submit contribution reports to the plaintiffs, and to comply with defendants' audit obligations violated the Agreement and ERISA.

## STANDARD OF REVIEW

A district court may designate a magistrate to hear pretrial matters before the court and to submit to the court proposed findings of fact and a recommendation as to the disposition of the matter. *See* 28 U.S.C. § 636(b)(1). The district court adopts a magistrate judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a de novo determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Bandhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). The court may then accept, reject, or modify in whole or in part recommendations of the magistrate judge. *See Nelson*, 618 F. Supp. at 1189.

3

Because the petitioner does not object to Judge Fox's recommendations regarding the defendants' cooperation with an audit, award of costs, damages, and injunctive relief, the Court reviews those recommendations only for clear error. Finding none, the Court adopts Judge Fox's recommendations on these issues. However, the plaintiff made specific timely objections to Judge Fox's findings regarding Faulkner's personal liability and the award of attorneys' fees, and therefore the Court will review those findings de novo.

## DISCUSSION

### I. Personal Liability of Faulkner

The plaintiffs allege that the defendant is a sole proprietorship. (Compl. ¶ 8.) Because the defendant has defaulted by failing to plead or otherwise defend against the complaint, "the court should . . . accept[ ] as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Therefore, the Court accepts that the defendant is a sole proprietorship, as alleged by the plaintiffs. As a sole proprietorship, the defendant is personally liable for his business debts. *See Care Envtl. Corp. v. M2 Techs., Inc.*, No. 05 Civ. 1600, 2006 U.S. Dist. LEXIS 2934, 2006 WL 148913, at *6 (E.D.N.Y. Jan. 18, 2006) (citing *Golden Distributors, Ltd. v. Garced*, 134 B.R. 766, 769 (Bankr. S.D.N.Y. 1991) ("The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations.")); *Holland v. Fahnestock & Co.*, No. 01 Civ. 2462 (AJP), 2002 U.S. Dist. LEXIS 14104, 2002 WL 1774230, at *11 (S.D.N.Y. Aug. 1, 2002), *adopted by Holland v. Fahnestock & Co.*, 210 F.R.D. 487 (S.D.N.Y. 2002); *Anti-Hydro Co. v. Castiglia*, 461 N.Y.S.2d 87, 88 (N.Y. App. Div. 1983). The defendant's business name is Thomas Faulkner d/b/a/ American Demolition. "The designation 'd/b/a' means 'doing business as' but is merely descriptive of the person or corporation who does

4

business under some other name. Doing business under another name does not create an entity [distinct] from the person operating the business." *Golden Distributors*, 134 B.R. at 769. Here, Faulkner did not create a distinct business entity by operating his sole proprietorship under the name American Demolition. American Demolition and Faulkner constitute one person under the law, and any liability assumed by American Demolition was also assumed by Faulkner in his individual capacity. *See id.* Therefore, Faulkner is personally liable for his and American Demolition's violations of ERISA and the Agreement and the Report is so modified.

## II.   Attorneys' Fees

It is mandatory to award reasonable attorneys' fees and costs in an action to recover unpaid union benefit contributions. *See* 29 U.S.C. § 1132(g)(2)(D) (2006); *Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors*, 68 F.3d 1502, 1506 (2d Cir. 1995); *Mason Tenders Dist. Council v. Aurash Constr. Corp.*, No. 05 Civ. 1891 (RCC), 2006 U.S. Dist. LEXIS 10250, 2006 WL 647884, at *2 (S.D.N.Y. Mar. 15, 2006). To determine an attorneys' fee award, district courts are to multiply the hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See A.R. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 79 (2d Cir. 2005); *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058 (2d Cir. 1989); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983) (finding that only hours "reasonably expended" should be awarded). In calculating what constitutes reasonable hours, the attorneys' fee application should be supported by time records, affidavits, and other supporting materials. *See Chambless*, 885 F.2d at 1058; *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983). A rate "in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation" is a reasonable rate. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see Luciano v. Olsten Corp.*,

109 F.3d 111, 115 (2d Cir. 1997); *Chambless*, 885 F.2d at 1058–59. District courts may, however, implement a percentage deduction of presumptively reasonable fees at its discretion "'as a practical means of trimming fat from a fee application.'" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Carey*, 711 F.2d at 1146); *see Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 369 (S.D.N.Y. 2005).

Plaintiffs' attorneys provided the Court with an affidavit describing the methods of keeping billing records and attached copies of the records relevant to the present dispute. These records show for each attorney and staff member: the date of work, the hours expended and the nature of the work performed for the plaintiffs. (Ex. C to Aff. of Marguerite Simpson Wynne.) These records constitute adequate support for the application for attorneys' fees under *Chambless*, and the rates charged therein are in line with prevailing rates in the community. 885 F.2d at 1058; *see also Blum*, 465 U.S. at 895 n.11; *Luciano*, 109 F.3d at 115.

Plaintiffs have requested attorneys' fees in the aggregate amount of $6,588.75. In light of the supporting documentation provided by the plaintiffs regarding attorneys' fees, the Court finds that both the hours and rates charged by plaintiffs' counsel are reasonable. The rates and hours requested in this litigation for the attorneys and support staff are comparable to those awarded in other ERISA cases in which district courts have awarded attorneys' fees. *See, e.g.*, *Westchester Teamsters Local 456 Annuity Fund v. Fleet Nat'l Bank*, No. 02 Civ. 6664 (AKH), 2007 U.S. Dist. LEXIS 14352, 2007 WL 548778, at *3 (S.D.N.Y. Feb. 21, 2007) (finding a $224.58 average hourly rate to be reasonable); *Aurash*, 2006 WL 647884, at *3. Therefore, the Court awards plaintiffs attorneys' fees in the aggregate amount of $6,588.75.

## CONCLUSION

Having reviewed plaintiff's objections de novo and the Report for clear error, the Court adopts the Report and Recommendation of Magistrate Judge Fox with the above modifications.

SO ORDERED.

Dated: New York, New York
May 1, 2007

Richard J. Holwell
United States District Judge